**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-17096 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-05112-MEJ |
| v. | |
| JIE ZHONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted December 8, 2015[**]
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Jie Zhong appeals the district court's judgment revoking his citizenship

under 8 U.S.C. § 1451(a). The district court based its decision on the facts that

Zhong lied in his asylum application, entered into a fraudulent marriage to obtain

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration benefits, and lied in his citizenship application and interview. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 1451(a) authorizes the revocation of citizenship when citizenship was "illegally procured or . . . procured by concealment of a material fact or by willful misrepresentation." The government bears the heavy burden to present "clear, unequivocal, and convincing" evidence that does "not leave the issue in doubt." *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (citations omitted).

Here, Zhong admitted to asylum and marriage fraud in written statements and in two interviews with an immigration officer. Further, one of Zhong's ex-wives, a U.S. citizen who petitioned for a visa for Zhong, admitted in a written statement that she married him for money and that the couple never lived together or consummated their marriage. No evidence in the record corroborates Zhong's allegation that his statements were coerced. *See Cuevas-Ortega v. I.N.S.*, 588 F.2d 1274, 1278 (9th Cir. 1979) ("[W]here there is nothing in the record indicating that the alien's statement was induced by coercion, duress, or improper action on the part of the immigration officer, and where the petitioner introduces no such evidence, the bare assertion that a statement is involuntary is insufficient.").

The district court properly concluded that Zhong's asylum and marriage fraud warranted revoking his citizenship for four reasons. First, the asylum fraud

revealed that Zhong was never a refugee and, therefore, that he unlawfully obtained permanent resident status and "illegally procured" his citizenship. *See* 8 U.S.C. § 1101(a)(42) (defining "refugee"); *Fedorenko*, 449 U.S. at 506, 514–15 (observing that citizenship is "illegally procured" and subject to revocation when an individual was statutorily ineligible for naturalization). Second, Zhong's admissions established that he tried to obtain an immigration benefit "by fraud or willfully misrepresenting a material fact"; he was therefore inadmissible to the United States at the time he received his permanent resident status and, as such, was also ineligible for citizenship. *See* 8 U.S.C. § 1159(b)(5) (establishing that an individual must be admissible as an immigrant before becoming a lawful permanent resident); *id.* § 1182(a)(6)(C)(i) (providing that an individual is inadmissible if she or he tried to obtain a visa or other immigration benefit "by fraud or willfully misrepresenting a material fact"). Third, Zhong's fraud establishes that he did not possess the requisite moral character for citizenship during the relevant time period. *See* 8 U.S.C. § 1427(a) ("[N]o person . . . shall be naturalized unless such applicant . . . is a person of good moral character."); *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007) ("In order to lawfully obtain U.S. citizenship, a person must be of 'good moral character' for the five years immediately preceding the date of filing her citizenship application, as well as

3

from the date of filing this application until the date she or he is admitted to citizenship."). An individual lacks good moral character if she or he "has given false testimony for the purpose of obtaining" immigration benefits. 8 U.S.C. § 1101(f)(6). Such is the case here. Fourth, Zhong's fraud shows that he procured citizenship "by concealment of a material fact or by willful misrepresentation" within the meaning of 8 U.S.C. § 1451(a) and was therefore also ineligible for citizenship on that ground. Zhong admitted that he lied at his naturalization interview, and the record establishes that his lies were material, willful, and resulted in the procurement of citizenship. *See Kungys v. United States*, 485 U.S. 759, 767 (1988) (describing the requirements for revoking citizenship on the basis of a "concealment of a material fact" or a "willful misrepresentation").

In sum, the district court did not err in concluding that the government presented "clear, unequivocal, and convincing" evidence requiring the revocation of Zhong's citizenship. *Fedorenko*, 449 U.S. at 505 (citation omitted).

**AFFIRMED**